```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

TYRONE PORTER                                    CIVIL ACTION

VERSUS                                           NO. 07-0624

ORLEANS PARISH SHERIFF'S                         SECTION "J"(5)
DEPARTMENT, ET AL
```

### REPORT AND RECOMMENDATION

Plaintiff, Tyrone Porter, filed this *pro se* and *in forma pauperis* action pursuant to 42 U.S.C. §1983, against the Orleans Parish Sheriff's Office, Orleans Parish Criminal Sheriff Marlin Gusman, and the "Medical Staff" of "Templeman 1". In August, 2005, plaintiff was incarcerated in Orleans Parish Prison ("OPP"). Because he was an "HIV patient", plaintiff was housed on "the first floor of Templeman 1", in the "Medical Observation Unit" ("MOU"). Prisoners housed on the MOU "are suppose[] to receive proper medical care"; the MOU "is attended by deputies as well as medical staff 24 hrs. per day." Plaintiff complains, however, that commencing on August 27, 2005, shortly before waters precipitated by Hurricane Katrina flooded vast portions of New Orleans, including OPP, he "received no medical attention, no medicine,

[and] no food". Plaintiff states that while "nurses were present", they "refused to attend to [his] medical needs", despite the fact that he, along with other prisoners, "beat on the door and yelled and cried for help." It was not until three days later, on the morning of August 30, 2005, that petitioner was finally evacuated, via boat, from OPP to the "Broad St. bridge", where he sat in the sun without food, water or medicine. Later that afternoon petitioner was finally evacuated, via bus, out of the city. Plaintiff states that following his evacuation from the city, there were "some other stops made and some pretty frightening events that took place", "but this concludes my complaints against [the] Orleans Parish Sheriff's Dept., Marlin Gusman and Medical Staff (MOU) for my being treated cruely [sic] before, during and after Katrina."

An *in forma pauperis* complaint may be dismissed if it is determined that the allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §1915(e)(2). The court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds by Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). In doing so, the court has ". . . not

only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); *see also Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994) (citation omitted); *Booker*, 2 F.3d at 116.

The law is well-settled that because §1983 has no statute of limitations, one must look to state law, specifically, the forum state's personal injury limitations period, for purposes of determining the applicable prescriptive period with respect to a §1983 lawsuit filed in federal court. *See Morales v. Louisiana*, 1996 WL 442229, *4 (E.D. La. 1996) (Vance, J.) (citing *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985); *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994) (district courts should use forum state's personal injury limitations period)). For personal injury claims, Louisiana law provides for a one-year prescriptive period. *See Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988).

It is equally well-settled that for purposes of determining, with respect to §1983 actions, when prescription commences to run,

one must look to federal law. *Morales* at *4 (citing *Moore*, 30 F.3d at 620-21; *Helton v. Clements*, 832 F.2d 332, 334 (5th Cir. 1986)). "Under federal law, a cause of action accrues 'the moment the plaintiff knows or has reason to know of the injury that is the basis of his complaint.'"  *Morales*, 1996 WL at *4 (quoting *Helton*, 832 F.2d at 334-35.)  *See also Montgomery v. Louisiana*, 2002 WL 1973820, *2 (5th Cir. 2002); *Sheehan v. Ryan*, 111 F.Supp.2d 792, 794 (W.D. La. 2000) (Little, CJ.).

In the matter at hand, the last date upon which plaintiff allegedly suffered damages as a result of defendants' actions was August 30, 2005, when he was evacuated from New Orleans and his deprivation of food, water and medicine, at the hands of defendants, ended. Plaintiff, however, waited over a year from that date, until December 26, 2006, before filing the instant action.[1] Accordingly, this matter is time-barred.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's §1983 action be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed

---

[1] December 26, 2006, is the date plaintiff signed his complaint and the earliest date this court can construe the instant action as having been filed. *See Cooper v. Brookshire*, 70 F. 3d 377, 379 (5th Cir. 1995), *citing Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988).

findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this  7th  day of  May , 2007.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE

5